**Max TASHMAN, Individually and Trading as Tashman Realty**

v.

**COMMUNITY IMPROVEMENT CORP., Appellant.**

**No. 12027.**

United States Court of Appeals Third Circuit.

Argued March 18, 1957.

Decided April 8, 1957.

M. E. Maurer, Philadelphia, Pa. (Wexler, Mulder & Weisman, Philadelphia, Pa., on the brief), for appellant.

James J. Regan, Jr., Bala-Cynwyd, Pa., for appellee.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

PER CURIAM.

In this suit in the District Court for the Eastern District of Pennsylvania between parties of diverse citizenship the plaintiff sought to recover back from the defendant a down payment made to it under an agreement for the purchase of real estate in Quakertown, Pennsylvania, which was never consummated, together with out-of-pocket expenses and consequential damages. The defendant denied that it was responsible for the default, asserted that it was willing to convey, and counterclaimed for the balance of the purchase price together with damages for alleged fraud on the part of the plaintiff and others.

The case came on to trial before a jury which rendered a verdict in favor of the plaintiff for the down payment of $5,000, interest thereon of $1,375, and $40 out-of-pocket expenses. The jury did not award the plaintiff any consequential damages and they found in favor of the plaintiff on the defendant's counterclaim. A judgment in favor of the plaintiff for $6,415 was entered on the verdict. The defendant has appealed.

We have carefully considered the defendant's contentions but find them to be without merit and to require no detailed discussion here. It is sufficient to say that the issues in the case were basically factual and were submitted to the jury by Chief Judge Kirkpatrick by interrogatories and a comprehensive charge based upon the applicable law of Pennsylvania to which the defendant took no valid exceptions. There was ample evidence to support the jury's verdict. It must, therefore, stand as a final determination of the controversy between the parties.

In the plaintiff's brief in this court his counsel made a number of scurrilous and scandalous attacks upon the defendant's counsel which were wholly

improper and to which the latter has quite properly objected. We cannot condone such conduct on the part of a member of our bar. Accordingly on motion of counsel for the defendant the brief filed for the plaintiff appellee in this case will be suppressed and removed from the clerk's files. In addition the plaintiff will be denied costs in this court.

The judgment of the district court will be affirmed without costs.